Maggy Athanasious, Bar No. 252137
mathanasious@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
AMAZON.COM SERVICES LLC and
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| MATTHEW HUGGINS, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON.COM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>       Defendants. | Case No.<br><br>ASSIGNED FOR ALL PURPOSES TO HON.<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed (County of Kern Superior Court): August 25, 2021 |

1

LITTLER MENDELSON P.C
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF MATTHEW HUGGINS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants AMAZON.COM SERVICES LLC and AMAZON.COM, INC. ("Defendants" or "Amazon") remove the above-captioned action from the Superior Court for the State of California, County of Kern to the United States District Court for the Eastern District of California. This removal is based on 28 U.S.C. sections 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

### STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. See 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. See 28 U.S.C. §§ 1332, 1441(a) and 1446.

### VENUE

2. This action was filed in the Superior Court for the State of California, Kern County. Venue properly lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(b), 1391 and 1441(a).

### PLEADINGS, PROCESS AND ORDERS

3. On August 25, 2021, Plaintiff MATTHEW HUGGINS ("Plaintiff") filed an unverified complaint for damages in the Superior Court for the State of California, Kern County, entitled *MATTHEW HUGGINS, an individual, Plaintiff, vs. AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation; and DOES 1 through 50, Inclusive, Defendants*, Case Number BCV-21-101975 (the "Complaint"), asserting causes of action for: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to take all reasonable steps necessary to prevent disability discrimination;

LITTLER MENDELSON P.C
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

(3) retaliation; (4) failure to make a reasonable accommodation; (5) failure to engage in the interactive process; (6) intentional infliction of emotional distress ("IIED"); and (7) wrongful termination. Declaration of Maggy M. Athanasious in Support of Defendants' Notice to Federal Court of Removal of Civil Action from State Court ("Athanasious Decl."), ¶ 2, **Exhibit A**. Plaintiff's prayer for relief includes prayer for:

    a. compensatory damages, including for economic losses, physical anguish, and mention and emotional distress;

    b. punitive and exemplary damages;

    c. injunctive relief;

    d. declaratory relief;

    e. prejudgment interest;

    f. costs and expenses of suit;

    g. attorneys' fees; and

    h. such other relief as the Court determines to be just and proper.

*See* Exhibit A (Compl., ¶¶ 27-28, 36; Prayer for Relief, ¶¶ 1-6).

    4. On August 27, 2021, a Summons issued and was filed. Additionally, a Notice of Assignment to Judge for all Purposes and Notice of Order to Show Cause re CRC Rule 3.110 and Notice of Case Management Conference ("Notice of Case Assignment"), assigning the matter to the Honorable Judge Bernard Barmann in Department 10, as well as a Rejection/Correction Notice, issued from the Clerk of the Court. Athanasious Decl., ¶ 3, **Exhibits B - D**.

    5. On September 16, 2021, Plaintiff served on Defendants the Complaint (Exhibit A); Summons (Exhibit B); Notice of Assignment (Exhibit C); Civil Case Cover Sheet (Exhibit E); and ADR Information Packet (Exhibit F). Athanasious Decl., ¶ 4, **Exhibits E - F**. Proofs of Service reflecting such service on Defendants were filed with the Court on September 27, 2021. Athanasious Decl., ¶ 5, **Exhibits G - H**.

    6. On October 13, 2021, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court for the State of California, Kern County. Athanasious Decl., ¶ 6, **Exhibit I**.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

3

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

7. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court for the State of California, Kern County or served by any party other than as described above. Athanasious Decl., ¶ 7. The Attachment of Exhibits "A" through "I" satisfies the requirements of 28 U.S.C. section 1446(a). See Athanasious Decl., ¶¶ 1-6.

### INDIVIDUAL & DOE DEFENDANTS

8. No individual defendants are named in this action. Defendants are informed and believe that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

### TIMELINESS OF REMOVAL

9. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). On September 16, 2021, the Complaint and Summons were served on Defendants. As Defendants filed this Notice of Removal within 30 days of service of the summons and complaint, this Notice of Removal is timely as a matter of law.

### DIVERSITY JURISDICTION

10. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

11. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. See 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. See 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendant

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

4

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

12. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

#### 1.    Plaintiff Is a Citizen of the State of California.

13. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges that he is "a male citizen and resident of the State of California… ." Compl., ¶ 4; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff, by his own admission, is a citizen of the State of California.

#### 2.    Defendants Are Not Citizens of the State of California.

15. For purposes of Section 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

5

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id*. at 80.

16. In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.")

17. Defendants Amazon.com, Inc. and Amazon.com Services LLC, are not state officials, nor are they governmental entities. Declaration of Zane Brown in Support of Defendants' Notice of Removal of Civil Action from State Court ("Brown Decl."), ¶ 2.

18. **Defendant Amazon.com, Inc.**: Defendant Amazon.com, Inc. is incorporated under the laws of the State of Delaware and maintains a principal place of business in Seattle, Washington. Brown Decl., ¶ 3. Key executives of Amazon.com, Inc. are based out of its Seattle, Washington corporate headquarters. *Id*. Seattle, Washington is also where Defendant Amazon.com, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control, and coordination for its operations. *Id*. Under the applicable standard, Amazon.com, Inc.'s principal place of business is located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

19. **Defendant Amazon.com Services LLC**: Defendant Amazon.com Services LLC is a limited liability company incorporated under the laws of the State of Delaware. Brown Decl., ¶ 4. Amazon.com Services LLC's members are Amazon.com, Inc. and Amazon.com Sales, Inc. *Id*. Amazon.com Sales, Inc. is incorporated in the State of Delaware. *Id*. Amazon.com Sales, Inc.'s principal place of business is Seattle, Washington. *Id*. Amazon.com Sales, Inc.'s key executive is based out of Seattle, Washington. *Id*. Seattle, Washington is also where Amazon.com Sales, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control and coordination for its operations. *Id*. Therefore, Amazon.com Services LLC's members,

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

6

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

1  Amazon.com Sales, Inc. and Amazon.com, Inc. are citizens of Washington and Delaware and,
2  therefore, Amazon.com Services LLC is a citizen of Washington and Delaware.

3  20.  **Doe Defendants**: Does 1 through 50 are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any specific charging allegation against any particular fictitious defendants.  Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

21.  Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and all named Defendants are citizens of different states.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

22.  Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553.  Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").  Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

23.  The Complaint does not specify the amount that Plaintiff seeks to recover from Defendants in this action.  The Complaint, however, seeks damages for compensatory damages,

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.310
310.553.0308

7

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

including for economic losses, physical anguish, and mention and emotional distress, punitive damages, pre-judgment interest, injunctive and declarative relief, and attorneys' fees and costs of suit. *See* Compl., ¶¶ 27-28; Prayer for Relief, ¶¶ 1-6. Further, Plaintiff filed this lawsuit as an unlimited civil case. Civil Case Cover Sheet, Athanasious Decl., ¶ 3, Exhibit E. Therefore, at a minimum Plaintiff admits the damages sought exceed $25,000, the minimal jurisdictional amount required to file an unlimited civil case. Cal. Civ. Proc. § 85.

24. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy,", and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

25. Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff exceeds the sum of $75,000.

### 1. **Lost Earnings.**

26. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct he "suffered monetary damages and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court." Compl., ¶¶ 28, 36, 43, 50, 57, 64, 69, 75; Prayer for Relief, ¶ 1(A). Plaintiff was formerly employed by Amazon as a Fulfillment Associate from September 7, 2020 to on or about February 2, 2021. Declaration of Claudia Gonzalez in Support of Defendants' Notice of Removal ("Gonzalez Decl."), ¶ 3. At the time of his separation from employment, he was earning $15.00 per hour ($31,200 annualized based on 2,080 hours per year). *Id*. In the approximately 22 weeks of his employment, he earned approximately $13,251.73, exclusive of health benefits, which equates to approximately $31,322.27 on an annualized basis. *Id*. Although Defendants deny Plaintiff is entitled to recover any damages, assuming arguendo

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

8

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Plaintiff was to recover alleged lost income for the equivalent of one year of earnings, which is a conservative estimate, Plaintiff could recover about $31,322.27 in back pay. *Stainbrook v. Target Corporation*, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (approving the use of a hypothetical trial date 1 year after removal).

27. In addition, Plaintiff seeks loss of future earnings or front pay as a result of the alleged wrongs by Defendants. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Conservatively estimating that Plaintiff seeks front pay benefits for one year, the amount of future income in controversy in this case would add an additional $31,322.27.

28. Thus, Plaintiff could recover approximately $62,645 in compensatory damages, exclusive of health benefits. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy).

### 2. Emotional Distress Damages.

29. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

30. Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, he "suffered, and continues to suffer, great mental and emotional anguish" and "extreme physical and emotional distress, which has been detrimental to his health." Compl., ¶ 27. He further alleges that he "severe emotional distress," and "has been humiliated and embarrassed." *Id.*, *see also* Compl., ¶¶ 36, 43, 50, 57, 64, 68, 69, 75; Prayer for Relief, ¶ 1(A). Though Defendants dispute that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages demonstrates that the

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

9

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

31. In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, here, Plaintiff could conservatively recover emotional distress damages in an amount of $25,000.00, the approximate equivalent of one year of wages, for his alleged emotional distress.

32. Based on Plaintiff's allegations of great mental anguish and severe emotional distress due to the alleged discrimination, failure to accommodate, retaliation, IIED and wrongful termination from employment, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is $25,000.00 or more.

### 3. Punitive Damages.

33. Plaintiff also seeks an award of punitive damages. *See* Compl., ¶¶ 37, 44, 51, 58, 70, 76; Prayer for Relief, ¶ 1(B). California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

34. In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-to-one) was appropriate when issuing an award of punitive damages. For instance, in *Wysinger v. Auto. Club of Southern California*, the court upheld punitive

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

10

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

damages of $1 million in a FEHA discrimination/retaliation case, where the compensatory damages were $280,000. *Wysinger*, 157 Cal.App.4th 413 (2007). There, the Court noted that the award was less than four times the amount of compensatory damages, and, as such, "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages." *Id*. at 428-29.

35. Defendants vigorously deny Plaintiff's allegations. However, if Plaintiff were to prevail on one of his claims and establish an award under California Civil Code section 3294, the punitive damages could exceed the jurisdictional minimum. In *Aucina v. Amoco Oil, Co.*, 871 F.Supp.332 (S.D. Iowa 1994), the defendant employer established the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at 334. Further, numerous court decisions and jury verdicts demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff alleges failure to accommodate, disability discrimination and/or retaliation. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming punitive damages award of $1.9 million, an amount equivalent to the compensatory damages award, where plaintiff alleged FEHA claims including disability discrimination and wrongful termination); *McGee v. Tucoemas Federal Credit Union*, 153 Cal.App.4th 1351 (2007) (jury verdict of $1.2 million in punitive damages where Plaintiff alleged FEHA claims including disability discrimination).

36. Here, again assuming Plaintiff were to recover punitive damages in an amount approximately equal to one year of his alleged compensatory damages, Plaintiff would recover $31,322.27 or more for his alleged punitive damages.

### 4. Attorneys' Fees.

37. Plaintiff also seeks attorneys' fees. Compl., ¶¶ 38, 45, 52, 59, 66; Prayer for Relief, ¶ 5. When authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980;

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

11

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

38. The Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

39. "Recent estimates for the number of hours expended through trial for employment cases in have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be several times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000). Thus, Plaintiff's attorneys' fees conservatively add $30,000 to the amount in controversy, and likely more.

### 5. Declaratory, Injunctive and Other Relief.

40. Plaintiff also seeks declaratory, injunctive and "such other further relief to which PLAINTIFF may be entitled as a matter of law or equity, or which the Court determines to be just and proper." Compl., Prayer for Relief, ¶¶ 2-4, 6. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

12

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000); *see also Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) (cost of complying with injunction may be considered for amount in controversy purposes).

41. Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Based on the aforementioned conservative figures, Defendants estimate the amount in controversy to be $148,967, almost twice the minimum $75,000 amount in controversy threshold ($62,645 economic damages + $25,000 emotional distress + $31,322 punitive damages + $30,000 attorneys' fees). *See, e.g., Akers v. County of San Diego*, 95 Cal.App.4th 1441, 1445 (2002) (affirming judgment of $150,000 plus $249,245 in attorneys' fees in a matter alleging discrimination and retaliation).

42. Because it is facially apparent from the Complaint and as set forth above, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## NOTICE TO PLAINTIFF AND STATE COURT

43. Immediately following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Kern County Superior Court. Athanasious Decl., ¶ 8.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Kern County Superior Court to this honorable District Court.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

13

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Dated: October 15, 2021

LITTLER MENDELSON P.C.

*/s/ Maggy Athanasious*
Maggy Athanasious

Attorneys for Defendants
AMAZON.COM SERVICES LLC and
AMAZON.COM, INC.

4818-2743-2958.3 / 090069-1569

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

14

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION